# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DERON MCCOY, JR.,

    Plaintiff,

    v.                                CASE NO. 18-3077-SAC

DOUGLAS BURRIS, et al.,

    Defendants.

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff DeRon McCoy, Jr., is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given an opportunity to file a proper amended complaint to cure the deficiencies.

**I. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"), the claims giving rise to his Complaint occurred during his incarceration at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF").

In his Complaint, Plaintiff alleges that while he was an inmate at HCF his constitutional rights were violated when Defendants opened his legal mail outside of his presence. Plaintiff alleges that his legal mail was opened outside of his presence on three occasions. On April 7, 2017, UTS Drinkwater handed Plaintiff legal mail with a notation "opened in error by storeroom." When Plaintiff pointed out that his legal mail had been opened, UTS Drinkwater

1

stated that he would look into the situation to see what had happened and to make sure it did not happen again. On April 10, 2017, UTS Drinkwater again delivered legal mail to Plaintiff that had been opened outside of Plaintiff's presence and was signed for by Defendant Hamby.

Plaintiff filed a grievance, and on April 20, 2017, received a response from Defendant Nickels, the UTM of A-cellhouse at HCF, stating that the problem had been addressed. Unsatisfied with this response, Plaintiff forwarded his grievance to the warden. The warden responded, stating that the "storeroom staff have been educated in the proper procedure in handling legal material mistakenly delivered to their location. I am confident this has been corrected and should not happen again." Unsatisfied with this response, Plaintiff appealed his grievance to the KDOC Secretary of Corrections on May 21, 2017. On May 30, 2017, the Secretary of Corrections' designee, Defendant Burris, responded stating that "the response rendered to the inmate by staff at the facility is appropriate." On July 17, 2017, UTS Drinkwater again gave Plaintiff legal mail that had been opened and resealed, with a note stating that it was "received from the storeroom already opened."

Plaintiff alleges that all three pieces of legal mail were marked "attorney client communication" in quarter-inch letters, and that Defendants "intentionally, willfully, maliciously and with reckless and callous indifference violated Plaintiff's rights by opening and reading the Plaintiff's legal correspondence from Plaintiff's attorney." Plaintiff also alleges Defendants Burris, Schnurr, Richard Roe Mailroom Supervisor, and John Doe Storeroom Supervisor, failed to properly train and supervise Defendants Hamby, Zolam, Keen, Turner, John Doe Mailroom Worker and John Doe Storeroom Worker in the proper handling of legal mail. Plaintiff also claims that Defendants Burris, Schnurr, Nickels, Richard Roe Mailroom Supervisor, and John Doe Storeroom Supervisor, failed to stop the other Defendants from opening and reading

Plaintiff's properly-identified legal mail. Plaintiff also alleges that for the three instances when his legal mail was opened, there was a delay of several days in receiving his legal mail because Defendants were withholding his mail "in an effort to try and conceal the fact that the Plaintiff's legal mail had been opened and read outside of Plaintiff's presence."

Plaintiff seeks nominal damages, punitive damages in the amount of $250,000, a declaratory judgment, and a permanent injunction directing KDOC officials to stop opening and reading Plaintiff's legal mail outside of his presence.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in

a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff alleges that his legal mail was opened outside of his presence on three occasions while he was incarcerated at HCF. According to the Kansas Adult Supervised Population Electronic Repository ("KASPER"), Plaintiff was incarcerated at HCF from approximately March 22, 2017, to January 29, 2018. Plaintiff does not allege that his legal mail was improperly opened at HCF after the alleged incident on July 17, 2017. Although Plaintiff makes a conclusory statement that Defendants acted "intentionally, willfully, maliciously and with reckless and callous indifference," a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit has held that where prison officials opened one piece of constitutionally protected mail by accident, "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right . . . of access to the courts, does not give rise to a constitutional violation." *Florence v. Booker*, 23 F. App'x 970, 972 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)). Likewise, this Court

5

has held that where a plaintiff has alleged merely two isolated incidents in which jail officials opened legal mail, plaintiff "must therefore show either an improper motivation by defendants or denial of access to the courts." *Thompson v. Hooper*, No. 05-3470-JWL, 2006 WL 1128692, at *4 (D. Kan. April 25, 2006) (citing *Florence*, 23 F. App'x at 972); *see also Bagguley v. Barr*, 893 F. Supp. 967, 972 (D. Kan. 1995) ("[A]ssuming these three envelopes were opened in violation of the applicable federal regulations, such conduct, under the circumstances of this case, does not rise to the level of a constitutional violation."); *Williams v. Armstrong*, No. 12-3136-SAC, 2013 WL 812185, at *4 (D. Kan. March 5, 2013) (claim dismissed where prisoner's legal mail was opened on one or more occasions and was explained to him as an error); *Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1275 (D. Kan. 2007) (plaintiff could not show injury from alleged opening of legal mail where plaintiff did not argue interference with communication with counsel and did not show anything more than an inadvertent mistake by prison officials); *Rashaw-Bey v. Carrizales*, No. 09-3075-JAR, 2010 WL 3613953, at *8 (D. Kan. Sept. 3, 2010) (inadvertent opening of three envelopes with no allegation of deliberate conduct on part of prison officials insufficient to establish a First Amendment constitutional violation). Because Plaintiff has not alleged improper motive or interference with access to the courts or counsel, he has failed to allege a constitutional violation and his claim is subject to dismissal.

Plaintiff filed a motion requesting issuance of waiver of service and summonses on Defendants. (Doc. 4.) Because Plaintiff's claims have not survived screening, such a motion is premature and therefore denied.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper

amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper Amended Complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion requesting issuance of waiver of service and summonses on Defendants (Doc. 4) is premature and therefore **denied**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 4, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **September 4, 2018**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (18-3077-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 3rd day of August, 2018.**


<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**