# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DERON MCCOY, JR.,

    Plaintiff,

    v.                CASE NO. 18-3077-SAC

DOUGLAS BURRIS, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"), the claims giving rise to his Complaint occurred during his incarceration at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF").

In his Complaint, Plaintiff alleges that while he was an inmate at HCF his constitutional rights were violated when Defendants opened his legal mail outside of his presence. Plaintiff alleges that his legal mail was opened outside of his presence on three occasions.

On August 3, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), ordering Plaintiff to show cause by September 4, 2018, why Plaintiff's Complaint should not be dismissed for the reasons stated in the MOSC. Plaintiff was also granted until September 4, 2018, in which to file a complete and proper amended complaint to cure all the deficiencies discussed in the MOSC. Plaintiff has failed to respond to the MOSC.

In the MOSC, the Court found that Plaintiff failed to allege that his legal mail was improperly opened at HCF after the alleged incident on July 17, 2017. Although Plaintiff makes

a conclusory statement that Defendants acted "intentionally, willfully, maliciously and with reckless and callous indifference," a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit has held that where prison officials opened one piece of constitutionally protected mail by accident, "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right . . . of access to the courts, does not give rise to a constitutional violation." *Florence v. Booker*, 23 F. App'x 970, 972 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)). Likewise, this Court has held that where a plaintiff has alleged merely two isolated incidents in which jail officials opened legal mail, plaintiff "must therefore show either an improper motivation by defendants or denial of access to the courts." *Thompson v. Hooper*, No. 05-3470-JWL, 2006 WL 1128692, at *4 (D. Kan. April 25, 2006) (citing *Florence*, 23 F. App'x at 972); *see also Bagguley v. Barr*, 893 F. Supp. 967, 972 (D. Kan. 1995) ("[A]ssuming these three envelopes were opened in violation of the applicable federal regulations, such conduct, under the circumstances of this case, does not rise to the level of a constitutional violation."); *Williams v. Armstrong*, No. 12-3136-SAC, 2013 WL 812185, at *4 (D. Kan. March 5, 2013) (claim dismissed where prisoner's legal mail was opened on one or more occasions and was explained to him as an error); *Elrod v.*

*Swanson*, 478 F. Supp. 2d 1252, 1275 (D. Kan. 2007) (plaintiff could not show injury from alleged opening of legal mail where plaintiff did not argue interference with communication with counsel and did not show anything more than an inadvertent mistake by prison officials); *Rashaw-Bey v. Carrizales*, No. 09-3075-JAR, 2010 WL 3613953, at *8 (D. Kan. Sept. 3, 2010) (inadvertent opening of three envelopes with no allegation of deliberate conduct on part of prison officials insufficient to establish a First Amendment constitutional violation).

In the MOSC, the Court found that because Plaintiff has not alleged improper motive or interference with access to the courts or counsel, he has failed to allege a constitutional violation and his claim is subject to dismissal.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 5th day of September, 2018.**

    **s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**