# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DERON MCCOY, JR.,**

    **Plaintiff,**

    v.                    CASE NO. 18-3077-SAC

**DOUGLAS BURRIS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas, the claims giving rise to his Complaint occurred during his incarceration at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF").

In his original Complaint, Plaintiff alleges that while he was an inmate at HCF his constitutional rights were violated when Defendants opened his legal mail outside of his presence. Plaintiff alleges that his legal mail was opened outside of his presence on three occasions. On April 7, 2017, UTS Drinkwater handed Plaintiff legal mail with a notation "opened in error by storeroom." When Plaintiff pointed out that his legal mail had been opened, UTS Drinkwater stated that he would look into the situation to see what had happened and to make sure it did not happen again. On April 10, 2017, UTS Drinkwater again delivered legal mail to Plaintiff that had been opened outside of Plaintiff's presence and was signed for by Defendant Hamby.

Plaintiff filed a grievance, and on April 20, 2017, received a response from Defendant Nickels, the UTM of A-cellhouse at HCF, stating that the problem had been addressed. Unsatisfied with this response, Plaintiff forwarded his grievance to the warden. The warden

1

responded, stating that the "storeroom staff have been educated in the proper procedure in handling legal material mistakenly delivered to their location. I am confident this has been corrected and should not happen again." Unsatisfied with this response, Plaintiff appealed his grievance to the KDOC Secretary of Corrections on May 21, 2017. On May 30, 2017, the Secretary of Corrections' designee, Defendant Burris, responded stating that "the response rendered to the inmate by staff at the facility is appropriate." On July 17, 2017, UTS Drinkwater again gave Plaintiff legal mail that had been opened and resealed, with a note stating that it was "received from the storeroom already opened."

Plaintiff alleges that all three pieces of legal mail were marked "attorney client communication" in quarter-inch letters, and that Defendants "intentionally, willfully, maliciously and with reckless and callous indifference violated Plaintiff's rights by opening and reading the Plaintiff's legal correspondence from Plaintiff's attorney." Plaintiff also alleges Defendants Burris, Schnurr, Richard Roe Mailroom Supervisor, and John Doe Storeroom Supervisor, failed to properly train and supervise Defendants Hamby, Zolam, Keen, Turner, John Doe Mailroom Worker and John Doe Storeroom Worker in the proper handling of legal mail. Plaintiff also claims that Defendants Burris, Schnurr, Nickels, Richard Roe Mailroom Supervisor, and John Doe Storeroom Supervisor, failed to stop the other Defendants from opening and reading Plaintiff's properly-identified legal mail. Plaintiff also alleges that for the three instances when his legal mail was opened, there was a delay of several days in receiving his legal mail because Defendants were withholding his mail "in an effort to try and conceal the fact that the Plaintiff's legal mail had been opened and read outside of Plaintiff's presence."

The Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed or

to file a proper amended complaint to cure the deficiencies set forth in the MOSC. In the MOSC, the Court noted that Plaintiff alleges that his legal mail was opened outside of his presence on three occasions while he was incarcerated at HCF. According to the Kansas Adult Supervised Population Electronic Repository ("KASPER"), Plaintiff was incarcerated at HCF from approximately March 22, 2017, to January 29, 2018. Plaintiff does not allege that his legal mail was improperly opened at HCF after the alleged incident on July 17, 2017. The Court found that although Plaintiff makes a conclusory statement that Defendants acted "intentionally, willfully, maliciously and with reckless and callous indifference," a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit has held that where prison officials opened one piece of constitutionally protected mail by accident, "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right . . . of access to the courts, does not give rise to a constitutional violation." *Florence v. Booker*, 23 F. App'x 970, 972 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)). Likewise, this Court has held that where a plaintiff has alleged merely two isolated incidents in which jail officials opened legal mail, plaintiff "must therefore show either an improper motivation by defendants or denial of access to the courts." *Thompson v. Hooper*, No. 05-3470-JWL, 2006 WL 1128692, at

3

*4 (D. Kan. April 25, 2006) (citing *Florence*, 23 F. App'x at 972); *see also Bagguley v. Barr*, 893 F. Supp. 967, 972 (D. Kan. 1995) ("[A]ssuming these three envelopes were opened in violation of the applicable federal regulations, such conduct, under the circumstances of this case, does not rise to the level of a constitutional violation."); *Williams v. Armstrong*, No. 12-3136-SAC, 2013 WL 812185, at *4 (D. Kan. March 5, 2013) (claim dismissed where prisoner's legal mail was opened on one or more occasions and was explained to him as an error); *Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1275 (D. Kan. 2007) (plaintiff could not show injury from alleged opening of legal mail where plaintiff did not argue interference with communication with counsel and did not show anything more than an inadvertent mistake by prison officials); *Rashaw-Bey v. Carrizales*, No. 09-3075-JAR, 2010 WL 3613953, at *8 (D. Kan. Sept. 3, 2010) (inadvertent opening of three envelopes with no allegation of deliberate conduct on part of prison officials insufficient to establish a First Amendment constitutional violation). Because Plaintiff did not allege improper motive or interference with access to the courts or counsel, the Court found that he failed to allege a constitutional violation and that his claim was subject to dismissal.

Plaintiff filed an Amended Complaint (Doc. 10) in which he continues to only allege the three instances of his legal mail being opened, but now he makes the allegation that the Warden, John Doe Mailroom Supervisor, and Richard Roe Mailroom Supervisor directed the other defendants to open Plaintiff's mail. (Doc. 10, at 6, 8.) Plaintiff then asserts that his legal mail was regarding another pending case in which he was suing two Reno County Sheriff's Officers and three Hutchinson Police Department Officers, and included copies of motions that were filed in that case.

Plaintiff alleges that on April 5, 2017, Defendant Hamby opened and read his legal mail and informed Warden Schnurr of the information concerning the civil action against the five defendants, who were Hutchinson residents and one of whom was currently employed at HCF. Plaintiff alleges that Defendant Hamby knew the defendants in that case because they were Hutchinson residents. (Doc. 10, at 12.) Plaintiff alleges that "Defendant Schnurr then advised Defendant Hamby to forward the legal mail to him (Schnurr) and to intercept any additional legal mail sent to Plaintiff Mr. McCoy from the law firm of Shook, Hardy & Bacon and to open the parcel, read the contents, and to advise him of content contained within the documents." (Doc. 10, at 10.) Plaintiff alleges that the mail was forwarded to the Warden, who read the mail and then returned it to the HCF mailroom, where Defendant Keen then opened and read the documents. *Id.* Plaintiff alleges his legal mail that was received at HCF on April 10, 2017, was read by Hamby, and then Hamby relayed the contents to Schnurr before forwarding the mail to the mailroom, where Defendant Keen decided to read the contents before forwarding the mail to Plaintiff. (Doc. 10, at 12.) Regarding the last incident, Plaintiff alleges that his legal mail was received at HCF on July 12, 2017, and Defendant Zolam read his mail and relayed the contents to Schnurr and then forwarded the mail to Schnurr, who read the contents before forwarding the mail to the mailroom where Defendant Turner then read the contents before forwarding it to Plaintiff.

The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Because the Court must accept all well-pleaded allegations in the Amended Complaint as true, the Court finds that the proper processing of

Plaintiff's claims cannot be achieved without additional information from appropriate officials of HCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of HCF to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

    (1)    The Clerk of Court shall serve Defendants under the e-service pilot program in effect with the Kansas Department of Corrections ("KDOC").

    (2)    Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have **sixty (60) days** to prepare the *Martinez* Report. Upon the filing of that report, the AG/Defendants shall have an additional **sixty (60) days** to answer or otherwise respond to the Complaint.

    (3)    Officials responsible for the operation of HCF are directed to undertake a review of the subject matter of the Amended Complaint:

a.    To ascertain the facts and circumstances;

b.    To consider whether any action can and should be taken by the institution to resolve the subject matter of the Amended Complaint; and

c.    To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Amended Complaint and should be considered together.

    (4)    Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in

affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5)     Authorization is granted to the officials of HCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6)     No answer or motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Amended Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 14th day of August, 2019.**

>    s/ Sam A. Crow
>    **SAM A. CROW**
>    **U. S. Senior District Judge**