IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DERON MCCOY, JR.,

    Plaintiff,

v.

DOUGLAS BURRIS, et al.,

    Defendants.

Case No. 18-3077-DDC-GEB

## MEMORANDUM AND ORDER

This matter comes before the court on defendants Douglas Burris, Michael Hamby, Patti Keen, Mike Nickels, Dan Schnurr, and Jennifer Zolman's Motion to Stay Discovery and Related Rule 26 Activities (Doc. 31). In their motion, defendants ask the court to stay all discovery until it decides their pending Motion to Dismiss, or in the alternative, for Summary Judgment (Doc. 28). Plaintiff DeRon McCoy, Jr. has not responded to the requested stay and the deadline for filing his response has expired. *See* D. Kan. Rule 6.1(d)(1) (Responses to non-dispositive motions must be filed within 14 days "[u]nless the court orders otherwise"). For the reasons discussed below, the court grants defendants' motion.

    **I.**    **Legal Standard**

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court. *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007). *See also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (district court has broad discretion to stay proceedings as an incident to its power to control its own docket). The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme

circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citation and internal quotation marks omitted). A stay is disfavored because it can delay a timely resolution of the action. *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-CV-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015). As a result, our court generally does not favor staying discovery pending a ruling on a dispositive motion. *McCoy*, 2007 WL 2071770, at *2; *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). An exception exists, though, when the party requesting the stay has filed a dispositive motion asserting absolute or qualified immunity. *McCoy*, 2007 WL 2071770, at *2; *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

A stay pending a ruling on a dispositive motion may be appropriate where the following circumstances are present:

> (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues [about] the defendant's immunity from suit.

*Fattaey v. Kan. State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1–2 (D. Kan. July 13, 2016). A party seeking a stay of discovery has the burden to show a clear and compelling reason for the court to issue a stay. *Cargill*, 2015 WL 3937395, at *1.

**II.     Discussion**

Defendants argue that all the factors favoring a stay are present here. They assert it is likely the court's "ruling on the Motion [to Dismiss] will conclude [plaintiff's] claims" against them, "discovery will not provide any information that could possibly affect" the motion's outcome, and discovery before the court resolves the pending motion "would be wasteful,

burdensome and non-productive both to the [c]ourt and to the parties." Doc. 31 at 4. Defendants also have raised defenses of Eleventh Amendment immunity and qualified immunity in their Motion to Dismiss. *See* Doc. 28; Doc. 29. Defendants argue they are "entitled to the benefits of immunity, including immunity from discovery and the related burdens of suit" until the court resolves their immunity defense. Doc. 31 at 5.

After considering the entire record in the case, defendants' Motion to Stay Discovery, and the pending Motion to Dismiss, the court concludes a stay of all pretrial proceedings is warranted. As the Supreme Court has made clear: "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *see also Gorenc v. Klaasen*, No. 18-2403-DDC, 2018 WL 5311885, at *1 (D. Kan. Oct. 26, 2018) (O'Hara, Mag. J.) (granting motion to stay discovery because defendants asserted an immunity defense and plaintiff failed to respond). Also, the court has considered the other factors that may merit a discovery stay and finds that all of them favor the defendants' side of this motion. Namely, the Motion to Dismiss, if granted, disposes of all of plaintiff's claims; resolving defendants' Motion to Dismiss does not depend on information from discovery; and, at this stage, discovery is unnecessary. *See Fattaey*, 2016 WL 3743104, at *1–2 (outlining factors favoring discovery stay). The court thus grants defendants' Motion to Stay Discovery and Related Rule 26 Activities (Doc. 31). All pretrial proceedings in this case are stayed until further order of the court.

**IT THEREFORE ORDERED BY THE COURT THAT** Douglas Burris, Michael Hamby, Patti Keen, Mike Nickels, Dan Schnurr, and Jennifer Zolman's Motion to Stay Discovery and Related Rule 26 Activities (Doc. 31) is granted.

**IT IS FURTHER ORDERED THAT** all pretrial proceedings in this case are stayed until further order of the court.

**IT IS SO ORDERED.**

**Dated this 10th day of April, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
